E-FILED
Tuesday, 09 October, 2018  02:47:42 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | | |
|---|---|---|---|
| CENTRAL LABORERS PENSION FUND, CENTRAL LABORERS' SUPPLEMENTAL PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' RETIREE WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS & CONTRACTORS TRAINING PROGRAM, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, CENTRAL ILLINOIS LABORERS'- EMPLOYERS' COOPERATION EDUCATION TRUST, MIDWEST REGION FOR FAIR CONTRACTING, SOUTHERN & CENTRAL ILLINOIS LABORERS' VACATION FUND, LABORERS' LOCAL 159, LABORERS' LOCAL 477, AND LABORERS' LOCAL 703, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | | |
| Plaintiffs, | ) ) ) | | |
| v. | ) ) | No. | 18-3253 |
| WOODRUM BROTHERS, INC. | ) ) ) | | |
| Defendant. | ) ) | | |

**COMPLAINT**

NOW COME plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, WOODRUM BROTHERS, INC., and allege as follows:

**JURISDICTION**

1.      This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

2.      This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action.  (*See* 29 U.S.C.

§1132).

## VENUE

3.      Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered.   *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4.      Venue is proper in this court because defendant's principal place of business is in Menard County, Illinois, which is located within the judicial district of the district court for the central district of Illinois, Springfield division.

## PARTIES

5.      Plaintiffs Central Laborers' Pension Fund, Central Laborers' Welfare Fund and Central Laborers' Annuity Fund ("Central Laborers' Pension, Welfare and Annuity Funds") are employee benefit funds maintained in accordance with the provisions of ERISA.

6.      Plaintiff Central Laborers' Pension, Welfare and Annuity Funds are administered pursuant to the terms and provisions of agreements and declarations of trust, as amended and restated (the "trust agreements").   A copy of the pertinent provisions of the trust agreement for Central Laborers' Pension Fund (which also governs the Central Laborers' Annuity Fund) and the trust agreement for Central Laborers' Welfare Fund are attached hereto as Exhibits "A", and "B", respectively, and are fully incorporated herein and made a part hereof by this reference.

7.      The administrative office of plaintiff Central Laborers' Pension, Welfare and Annuity Funds is located at the address of is 201 N. Main Street, Jacksonville, Illinois 62651.

8.      Plaintiff Central Laborers' Pension, Welfare and Annuity Funds receive contributions from numerous employers, and therefore, are multiemployer plans under ERISA. *See* 29 U.S.C. §1002.

9.      Plaintiff Central Laborers' Pension Fund is the collection agent for and authorized to act and file suit on behalf of the other affiliated named plaintiffs, which are either employee benefit funds, labor organizations, labor-management committees, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union, to collect employer contributions and other amounts owed to these plaintiffs (all of which are jointly referred to as the "Ancillary Funds").

10.     Defendant Woodrum Brothers, Inc. is an Illinois corporation doing business in Illinois, with a principal place of business at 12221 Five Points St., Tallula, Illinois 62688.

11.     Defendant is an "Employer" engaged in an industry affecting commerce within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

## FACTUAL ALLEGATIONS

12.     Defendant is a party to a participation agreement and a memorandum of agreement with the plaintiffs, under which defendant is required to report hours and pay contributions to the plaintiffs and is bound by the provisions of certain collective bargaining agreements (collectively the "labor agreements").   Copies of the labor agreements are attached hereto as Exhibits "C" and "D", respectively, and are fully incorporated herein and made a part hereof by this reference.

13.     The labor agreements bind Defendants to the provisions of the trust agreements.

14.     Defendant employs or has employed members of the Union, who are also participants in the employee benefit funds administered by the plaintiffs pursuant to the labor agreements to which Defendant is a party or otherwise bound.

15.     Defendant has employed individuals who performed bargaining unit work for which fringe benefit contributions are owed to the plaintiffs under the provisions of the labor and

trust agreements.

16.   Defendant is required under the labor and trust agreements to pay contributions to plaintiffs for the hours worked by its employees each month.

17.   Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiffs in accordance with the terms and conditions of the trust agreements. *See* 29 U.S.C. §1145.

18.   Defendant is required under the labor and trust agreements to provide plaintiffs with written reports each month detailing hours worked by its employees and the contributions that are owed to plaintiffs (the "remittance reports").

19.   Defendant's remittance reports with payment of fringe benefit contributions owed are due to the plaintiffs by the 15th day of the month following the month in which the hours were worked by defendant's employees.

## COUNT I
## Delinquent Contributions

1-19.   Plaintiffs re-assert and re-allege paragraphs 1 through 19 as paragraphs 1 through 19 of count I as if fully set forth herein.

20.   Plaintiffs have been provided with payroll information from some of defendant's employees which detail certain hours (the "unreported hours") worked by these employees which were not properly reported to the plaintiffs.

21.   Contributions are owed to the plaintiffs for the unreported hours worked by its employees.

22.   Defendant reported some hours worked by its employees to plaintiffs but failed to pay the plaintiffs contributions owed for these hours.

23.   Defendant reported some hours worked by its employees and paid some

contributions due to plaintiffs for these hours but failed to pay all contributions that were due to plaintiffs for the hours reported.

24.     Defendant reported some hours and paid some contributions due to plaintiffs but failed to report these hours and pay these contributions timely.

25.     Defendant has failed to pay certain contributions that are owed to the plaintiffs in a timely manner.

26.     Defendant breached the provisions of the labor and trust agreements by failing to timely report hours worked by its employees and paying the contributions that were owed to the plaintiffs.

27.     Pursuant to applicable provisions of ERISA, and the labor and trust agreements, defendant owes interest on delinquent contributions and, additionally, liquidated damages equal to 10% of the amount of delinquent contributions or twenty-five dollars, whichever is greater.

28.     Defendant owes plaintiffs the known sum, after all just credits, of $31,923.20.

29.     A summary prepared by the plaintiffs of the known contributions and other amounts owed to plaintiffs by defendant is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

30.     Plaintiffs have demanded that defendant pay plaintiff the contributions and other amounts owed, but defendant has refused or otherwise failed to pay to plaintiffs the contributions and other amounts owed.

31.     Pursuant to the terms of the labor and trust agreements, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of delinquent contributions.

WHEREFORE, plaintiffs pray as follows:

A. That judgment is entered in favor of plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., and against defendant, WOODRUM BROTHERS, INC., in the sum of $31,923.20, plus all other amounts determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, dues, liquidated damages, interest, and attorneys' fees and costs;

B. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C. That defendant is decreed to pay all costs attendant to these proceedings;

D. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the labor and trust agreements or as is otherwise just and equitable.

## COUNT II
## Compel an Audit/Accounting

1-31. Plaintiffs re-assert and re-allege paragraphs 1 through 31 of count I as paragraphs 1 through 31 of count II as if fully set forth herein.

32. Having reported some hours worked by its employees and paying some contributions owed to plaintiffs, defendant has demonstrated an awareness of its contractual and legal obligations under the labor and trust agreements.

33. Despite knowledge of its obligations to report hours worked and pay contributions owed to plaintiffs, defendant has continually failed to timely report hours worked and pay contributions owed to plaintiffs.

34. Pursuant to the trust agreement, plaintiffs have the right to examine the payroll books and records of the defendant to confirm the accuracy of defendant's reporting of hours worked and gross wages earned, and to determine whether the defendant has paid plaintiffs all fringe benefit contributions and work dues owed.

35.     Plaintiffs demanded that defendant provide access to its relevant payroll and other business records for purposes of an audit for the period of October 1, 2015, to a current date to be established by plaintiffs' auditor, but defendant has refused to provide plaintiffs with access to its payroll and other business records for purposes of an audit.

36.     Defendant breached the provisions of the trust agreement by refusing to provide plaintiffs access to its payroll and other business records for purposes of an audit.

37.     Defendant owes plaintiffs fringe benefit contributions for all hours of work performed by its employees for the period of October 1, 2015, to present that defendant did not report to plaintiff, or reported without paying fringe benefit contributions.

38.     Defendant owes plaintiffs work dues on all gross income earned by its employees for hours of work performed by its employees for the period of October 1, 2015, to present that defendant did not report to plaintiffs, or reported without paying work dues.

39.     To the extent unpaid contributions are determined to be owed to plaintiff under the audit, defendant breached the provisions of the collective bargaining agreement and trust agreement by underpaying the fringe benefit contributions and work dues that were owed to the plaintiffs for hours of work and gross wages earned by its employees for the period of October 1, 2015, to present.

40.     Pursuant to the terms of the collective bargaining agreement and trust agreement, the defendant is liable for interest, liquidated damages, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiffs in the collection of delinquent contributions.

WHEREFORE, Plaintiff prays as follows:

A.     That defendant is ordered to provide and/or make available to plaintiffs or its auditor, all of defendant's payroll and other business records for the period of October 1, 2015,

through a future date determined by plaintiffs or its auditor;

B.      That plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the period of October 1, 2015, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiffs are entitled to pursuant to the trust agreement, labor agreements and ERISA;

C.      That judgment is entered in favor of plaintiffs and against defendant for all fringe benefit contributions, interest and liquidated damages owed to plaintiffs for the period of October 1, 2015, through a future date including without limitation the ending date of any payroll compliance audit, as determined by payroll compliance audit or otherwise;

D.      That defendant be decreed to pay to the plaintiffs all such monies determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

E.      That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

F.      That defendant is decreed to pay all costs attendant to these proceedings;

G.      That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the labor agreements, the trust agreement or as is otherwise just and equitable.

CENTRAL LABORERS' PENSION FUND
*et al*., Plaintiffs,

By:____s/ John P. Leahy_____
        JOHN P. LEAHY
        CAVANAGH & O'HARA LLP

Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com